UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-332-RJC

| EDDIE LEVORD TAYLOR, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) ORDER |
| DENNIS DANIELS, Administrator, Maury Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241. For the reasons that follow, this action will be dismissed.

I. BACKGROUND

According to the petition, the Petitioner is a prisoner of the State of North Carolina and has been incarcerated since his conviction for being a habitual felon in Mecklenburg County Superior Court on January 27, 2012.[1] Petitioner is scheduled for release from State custody on December 31, 2022. Petitioner did not appeal his judgment, nor did he seek collateral review in state court through the filing of a motion for appropriate relief or a petition for a writ of habeas corpus.

Instead, Pro se Petitioner filed the present § 2241 petition in the Eastern District of North Carolina on or about November 28, 2012. (Doc. No. 1). Petitioner raises a variety of claims but most center on his contention that he was involuntarily assigned counsel and that the criminal

---

[1] The Court also draws Petitioner's background information from the website of the North Carolina Department of Public Safety.

1

proceedings were fundamentally unfair because he did not consent to the State's jurisdiction to prosecute him, among other more fanciful allegations. Petitioner's case was transferred to this district on the grounds of proper venue as Petitioner was convicted in Mecklenburg County Superior Court. See (Doc. No. 12: Order of Transfer).[2]

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Habeas Proceedings commands district courts to examine a habeas petition and when it appears plain from a review of the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the petition and instruct the clerk to notify the petitioner. Rule 4, 28 U.S.C.A. foll. § 2254. After reviewing the record the Court finds that no response is necessary from the Government.

## III. DISCUSSION

As noted, Petitioner contends that the State of North Carolina lacked jurisdiction over him in his criminal proceedings and he objects to certain procedural aspects of his case such as the return of indictments, his arrest, and the appointment of counsel. These arguments, however, have never been presented to the State courts for consideration following the entry of Petitioner's criminal judgment.

The laws governing § 2254 proceedings provide in relevant part that that the Court may not grant an application for a writ of habeas corpus by a prisoner in State custody unless it appears that that the prisoner has exhausted his available remedies through State court; or that there appears to be an absence of an available State corrective process; or there are circumstances rendering a State corrective process ineffective to protect the prisoner's rights. See

---

[2] In its Order of Transfer, the District Court observed that Petitioner's effort to proceed under § 2241 must fail because 28 U.S.C. § 2254 was the exclusive provision under which prisoners in State custody may challenge their criminal judgment. (Doc. No. 12 at 2-3) (citing cases). The Court agrees with this finding and will review Petitioner's allegations under the provisions relative to a claim under § 2254.

28 U.S.C. § 2254(b).[3]

The Court finds that Petitioner has failed to demonstrate that he is presently entitled to bring a petition under § 2254 to challenge his State judgment because, according to his petition, he has not raised any of these present challenges in post-conviction proceedings in State court, whether through direct appeal or through collateral proceedings. The Court notes that there are State processes available to Petitioner including a motion for appropriate relief or a petition for a writ of habeas corpus. See generally N.C. Gen. Stat. § 15A-1415 et seq., and G.S. § 17 et seq. Finally, the Court can find no circumstances in Petitioner's case, as currently presented, which demonstrate the ineffectiveness of the State collateral process.

For the foregoing reasons, the Court finds that Petitioner has failed offer proof that he has initiated any State proceedings to raise the present challenges to his State judgment. Accordingly, on this record it appears that Petitioner has failed to exhaust his available State remedies and this Court will therefore dismiss this action without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The petition for habeas corpus is **DISMISSED** without prejudice to Petitioner's ability to file a Section 2254 petition following exhaustion of State remedies. (Doc. No. 1).

2. Petitioner's ex parte motion for the issuance of the writ is **DISMISSED** without prejudice. (Doc. No. 8).

3. Petitioner's Motion to compel is **DENIED**. (Doc. No. 15).

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court

---

[3] The Court is mindful that a § 2254 petition may be denied on the merits even though the claims have not been exhausted in State court. See 28 U.S.C. § 2254(b)(2).

3

declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

5. The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge